IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly K. Hamilton, | No. CV 24-03176 PHX DWL (CDB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Christopher Moody, Attorney General of the State of Arizona, | |
| Respondents. | |

**TO THE HONORABLE DOMINIC W. LANZA:**

Petitioner Kelly Hamilton, who proceeds pro se, seeks relief pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for the Court's consideration.

### I.      Background

Hamilton was convicted of first-degree murder committed in 1982. Hamilton was sentenced to term of natural life imprisonment with the possibility of parole after serving 25 years. Hamilton filed a petition for federal habeas relief in 1992, challenging his conviction, and relief was denied on September 29, 1993. *See Hamilton v. Lewis*, 2:92-cv-01786-RCB (D. Ariz.).

Hamilton became eligible for parole in 2007; since becoming eligible he has repeatedly applied for parole, and parole has been denied on each occasion. *See Hamilton v. Arizona Bd. of Exec. Clemency*, No. 1 CA-CV 23-0397, 2024 WL 1282438, at *2 (Ariz. Ct. App. Mar. 26, 2024).

The Arizona statute governing parole that was in effect in 1982 provided that the Board "shall" grant parole unless "it appears to the board, in its sole discretion, that there is a substantial probability that the applicant will not remain at liberty without violating the law." *Cooper v. Arizona Bd. of Pardons & Paroles*, 149 Ariz. 182, (Ariz. 1986), *quoting* Ariz. Rev. Stat. Ann. § 31-412(A). The post-1986 version of § 31-412(A) provides that parole shall be granted unless "it appears to the board, in its sole discretion, that there is a substantial probability that the applicant will not remain at liberty without violating the law *and that the release is in the best interests of the state*." (emphasis added). Prior to an amendment in 1978 the language was permissive, i.e., the statute provided that the Board "*may* grant parole …," provided the statutory requirement for such relief was met. In 1988 the Arizona Supreme Court held that a 1978 change in the statute's language from "may" to "shall" created a state-created liberty interest in parole. *See Stewart v. Arizona Bd. of Pardons & Paroles*, 156 Ariz. 538, 542-43 (Ariz. Ct. App. 1988).

Hamilton filed a § 2254 petition on October 19, 2009, asserting he was improperly denied parole and also alleging he was denied due process during his parole proceedings. *See Hamilton v. Belcher, et al.*, No. 2:09-cv-02199-GMS (D. Ariz.). The petition was dismissed for want of exhaustion; the Court found and concluded that Arizona law allowed for review of parole board decisions by means of a special action and noted Hamilton had not presented his claims to a state court in the form of a special action. *Id.* at ECF No. 6.

Hamilton filed a special action in the Arizona Superior Court in 2012, asserting the Arizona Board of Executive Clemency ("the Board") violated his due process rights when denying him parole by considering the seriousness of the offense, trauma to the victim, and loss of human life. (ECF No. 10-1 at 26-27). The trial court denied relief and in 2016 the state appellate court affirmed the trial court's decision. (ECF No. 10-1 at 25-28).[1]

---

[1] In denying relief the Arizona Court of Appeals cited *Stinson v. Arizona Board of Pardons and Paroles*, 151 Ariz. 60 (Ariz. 1986). (ECF No. 10-1 at 27). In *Stinson* an applicant for parole challenged the Board's decision under the 1982 statute. The Arizona Supreme Court concluded: "The basis of Stinson's claim really focuses on his disagreement with two of the reasons underlying the Board's decision: (1) the seriousness of the committing offense, and (2) the age of the victim. Those reasons are clearly within the discretion of the Board …." 151 Ariz. at 61.

In a special action filed in the Arizona Superior Court in February of 2023, Hamilton maintained the Board had denied him due process of law by improperly denying parole. (ECF No. 10-1 at 3-21). He asserted the Board retroactively applied a later version of Arizona Revised Statutes § 31-412(A) than the statute in effect at the time of his crime, and alleged the legislative history of § 31-412(A) supported his claim for relief. (*Id.*). Hamilton asserted that under the 1982 version of the statute the Board could not consider immutable factors, such as the circumstances of the crime, when deciding whether to grant parole. (ECF No. 10-1 at 9-11). Hamilton argued the earlier version of the statute guaranteed him release on parole, because under that version of § 31-412(A) the Board could consider only the applicant's institutional record, i.e., a "report by the prison," in deciding whether to grant parole. (ECF No. 10-1 at 9-12). Hamilton's support for this interpretation of the statute, proffered in his reply, was the legislative history concerning the 1986 changes to the statute and comments made by a prior Board member, who purportedly opined that under the 1982 statute the Board could consider only an inmate's prison record, as reported by the prison, when making a parole decision. (ECF No. 10-4 at 13-15, 28).

In response the State argued that Hamilton failed to demonstrate the newer statute was applied in his parole proceedings, and that "even if" the more recent statute was applied "the new version" did not have "a significant risk of increasing his punishment" because under either statute there was "no requirement" that the Board could "only consider the applicant's conduct in custody or that the inmate's conduct in prison controls the parole decision." (ECF No. 10-2 at 14). The State also maintained that "the 1982 version of A.R.S. § 31-412 contained no mention of a prison report. The 1956 version of A.R.S. § 31-412 had included language about receiving a report from the superintendent, but that language was removed in 1978." (ECF No. 10-2 at 14 & n.2).

The Arizona Superior Court denied relief in Hamilton's 2023 special action. (ECF No. 10-4 at 27-31). The court determined that the Board did not violate any ex post facto prohibition because it applied the version of Arizona Revised Statutes § 31-412(A) that

was in effect when Hamilton committed his offense, i.e., the 1982 version, in his parole hearings. (ECF No. 10-4 at 30). The court found Hamilton provided no evidence to support a conclusion that the Board had applied the post-1986 version of § 31-412(A) in denying him parole. (*Id.*). The Superior Court also found Hamilton's reliance on the statute's legislative history as proof of an ex post facto violation was misplaced. The court noted that in *Cooper v. Arizona Board of Pardons and Paroles*, 149 Ariz. 182 (Ariz. 1986), the Arizona Supreme Court had expressly rejected Hamilton's interpretation of the pre-1986 version of § 31-412(A). (*Id.*).[2] Consequently, the court concluded, the Board was not limited to considering Hamilton's prison record in making the parole determination under either the earlier or the later version of the statute. (*Id.*). The Superior Court acknowledged that there had been a change in § 31-412(A)'s language, but it  did not accept Hamilton's interpretation of the 1982 version of § 31-412(A) as guaranteeing him parole. (ECF No. 10-4 at 28-30).

Hamilton appealed the state trial court's denial of special action relief, again asserting the Board violated the Ex Post Facto Clauses of the Arizona and United States Constitutions by applying the post-1986 version of § 31-412(A) instead of the version in effect at the time of his offense. (ECF No. 10-4 at 33-80).

In response the State asserted Hamilton failed to make the required threshold showing that the Board had actually retroactively applied the post-1986 version of the statute in his 2023 parole hearing. *See* Appellee's Brief, *Hamilton v. Arizona Bd. of Exec. Clemency*, No. 1 CA-CV 23-0397, 2023 WL 8870196, at *17-18 (Dec. 15, 2023). The State argued: "[n]othing in the 1982 version of A.R.S. § 31-412(A) limited the Board's ability to consider a multitude of factors in making the parole-release decision." *Id.* at *19. The State noted:

> Hamilton's sole argument is that the Board applied the wrong statute because it considered factors beyond his institutional record. (Opening Br. at 9.) However, the Board properly considered all aspects of his crime, which

---

[2] In *Cooper*, construing the 1982 statute, the Arizona Supreme Court held the Board could consider "immutable" factors such as the seriousness of the offense, the inmate's prior criminal history, and the trauma to the victim, when making a parole determination. *See* 149 Ariz. at 186.

- 4 -

*Cooper* held was permissible under the 1982 version. Because Hamilton's interpretation of the 1982 version is wrong, he has no ex post facto argument. The 1982 version never guaranteed a parole release, so Hamilton cannot prove that the Board applied the wrong statute in denying him parole.

*Id.*, 2023 WL 8870196, at *23

The Arizona Court of Appeals denied relief in the special action on March 26, 2024, finding and concluding:

> The issues Hamilton raises rely on his assertion that the Board applied the wrong version of § 31-412(A) to his parole applications. …
>
> In its denial statements, the Board stated its belief that Hamilton "would not remain at liberty without violating the law," which tracks the language in the 1982 version of the statute: "applicant will not remain at liberty without violating the law." A.R.S. § 13-412(A) (Supp. 1982). In each written denial, the Board enumerated its reasons for believing that Hamilton would not remain at liberty without violating the law, including "serious & violent offense," "trauma to the victim," "loss of human life," "prior criminal history," "prior escape," "needs closer supervision," "violated prev[ious] probation/parole," "age of the victim," and "extreme brutality of instant offense."
>
> Hamilton presents no evidence that the Board failed to apply the 1982 version to his parole applications. While he may disagree with the Board's determinations, the Board retains sole discretion to grant or deny parole. *Stewart v. Ariz. Bd. of Pardons & Paroles*, 156 Ariz. 538, 540 (App. 1988). Our review is limited to ensuring the requirements of due process have been met and that the Board acted within the scope of its powers. *Id.* …
>
> Because the record shows the Board applied the 1982 version of § 31-412(A) to Hamilton's parole applications—the threshold issue in this appeal—we do not address his remaining arguments.

*Hamilton*, 2024 WL 1282438, at *2.

Hamilton filed the instant § 2254 petition on November 14, 2024. Hamilton simultaneously filed a § 1983 suit against the Arizona Board of Executive Clemency and individual Board members, alleging the same claims for relief presented in the instant habeas petition. *See Hamilton v. Arizona Bd. of Exec. Clemency, et al.*, 2:24-cv-03177-DWL (D. Ariz.). The § 1983 suit was dismissed on February 27, 2025.

**II.     Claims for relief**

In his § 2254 petition Hamilton asserts the Board's denial of parole violated his rights under the United States Constitution's Ex Post Facto Clause. (ECF No. 1 at 6). Hamilton contends the Arizona Board of Executive Clemency used a more-recent version of the relevant statute when denying parole, rather than the statute in effect at the time of his crime. (ECF No. 1 at 6). Hamilton also asserts the "State has intentionally violated the 'Supremacy Clause' … by allowing the Ex Post Facto Clause violations to be committed by the State's Executive Branch as the means to usurp the intent of the State's Legislature." (ECF No. 1 at 7). In his petition Hamilton also alleges the Board and the State of Arizona violated his plea agreement by "substantially alter[ing]" "the contract" and "diminish[ing] Petitioner's benefit(s) derived by the contract," and that the Board "add[ed] writing to the FORM after Petitioner had signed and returned the FORM …" (ECF No. 1 at 8-9).[3]

**III.    Analysis**

**A.     Exhaustion and procedural default**

Absent specific circumstances, the Court may only grant federal habeas relief on a claim which has been "properly" exhausted in the state courts. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a "procedurally correct" manner. *E.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Palmateer*, 395 F.3d 1108, 1110 (9th Cir. 2005). In non-capital cases arising in Arizona, the "highest court" test is satisfied if the habeas petitioner

---

[3] Hamilton asserts he received "the FORM," i.e., the denial of parole completed by the Board, on March 10 or March 30, 2023. (ECF No. 1 at 9). Hamilton alleges that "shortly thereafter" he returned the form "A.D.C.R.R. agents" attempted to "coerce Petitioner into accepting a[n] altered version of the FORM" and he refused to do so. (*Id.*). Hamilton asserts the "Board checked boxes and made other changes causing the document to be a FALSE & FORGED INSTRUMENT, then used said FALSE & FORCED INSTRUMENT to again deny Petitioner parole." (*Id.*).

presented his claim to the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Crowell v. Knowles*, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007.

To fairly present a claim in the state courts, thereby exhausting the claim, the petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. *E.g.*, *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to reference, in the state court, the same factual basis for their claim and the same operative federal constitutional guarantee relied on by the petitioner in their § 2254 petition. *See Walden v. Shinn*, 990 F.3d 1183, 1195 (9th Cir. 2021); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009). The fair presentation doctrine requires a state prisoner to alert the state appellate court to the presence of a specific federal claim in his appellate brief; simply labeling a claim "federal" or "constitutional" or expecting the state court to read beyond the four corners of the petition is insufficient to exhaust a federal constitutional claim in the state courts. *See*, *e.g.*, *Baldwin v. Reese*, 541 U.S. 27, 33 (2004); *Murray v. Schriro*, 882 F.2d 778, 807-08 (9th Cir. 2018).

A federal habeas petitioner has not exhausted a federal habeas claim if they still have the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their § 2254 action, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. *See*, *e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by means of the petitioner's "procedural default" of the claim. *See*, *e.g.*, *id.* at 92. An implied procedural bar may be applied to an unexhausted claim where, as in this matter, a state's procedural rules regarding waiver and the preclusion of claims make a return to state court in an effort to exhaust futile. *Coleman*, 501 U.S. at 735 n.1; *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002).

If a prisoner has procedurally defaulted a claim in the state courts, review of the merits of the claim is barred absent a showing of both cause and prejudice. *E.g.*, *Ellis v.*

*Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000). Examples of cause sufficient to excuse a procedural default include a showing that the factual or legal basis for a claim was not reasonably available, or that "some interference by officials" made compliance with the state's procedural rules impracticable. *Murray*, 477 U.S. at 488. To establish prejudice, a habeas petitioner must show the alleged constitutional error "worked to [their] actual and substantial disadvantage, infecting" their criminal proceeding "with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). *See also Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). It is the petitioner's burden to establish both cause and prejudice with regard to their procedural default of a federal habeas claim. *See, e.g.*, *Djerf v. Ryan*, 931 F.3d 870, 880 (9th Cir. 2019).

Although the parties "agree" Hamilton's "claims" were exhausted (ECF No. 10 at 4-5;[4] ECF No. 11 at 10), Hamilton did not properly exhaust a Supremacy Clause claim, or a claim regarding any alteration of the denial of parole denial form, or any claim regarding a "contract," in the Arizona state courts by presenting the same claim and the same factual predicate for the claim to the Arizona Court of Appeals in a procedurally correct manner, i.e., by timely raising these specific claims in the state trial court and then presenting the claims to the Arizona Court of Appeals. The Arizona Court of Appeals did not address any of these claims in the decision denying special action relief. Arizona's procedural rules regarding timeliness, waiver, and preclusion of claims prevent Hamilton from returning to state court in an effort to properly exhaust these claims. Accordingly these claims have been procedurally defaulted. Moreover, Hamilton's Supremacy Clause claim and his "contract" claim are predicated on his assertion that the Board applied an invalid version of the relevant statute in denying him parole, which is without merit, and his "form" claim does not properly state the denial of a federal constitutional right.

Hamilton did properly exhaust his claim that the denial of parole in 2023 violated his constitutional rights pursuant to the Ex Post Facto Clause, i.e., his claim that the Board

---

[4] In their response to the petition Respondents do not mention a Supremacy Clause claim or any claim regarding a "form." (ECF No. 10).

used a more-recent version of the relevant statute, rather than the statute as it was at the time of Hamilton's crime, when denying parole in 2023.

**B.    Statute of limitations**

The Ninth Circuit Court of Appeals has held that the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations in 28 U.S.C. § 2244(d)(1) applies to each claim in a § 2254 habeas petition on an individual basis. *See*, *e.g.*, *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). The factual predicate for the claim that Petitioner's parole was denied in 2023, in violation of his right to due process, was discoverable on March 30, 2023, when Hamilton received notice that the Board denied parole. Hamilton's subsequent state-court special action tolled the running of the one-year statute of limitations until April 30, 2024, when the time expired for Hamilton to seek review of the Arizona Court of Appeals' denial of relief in the special action in the Arizona Supreme Court. *See* Arizona Rules of Procedure for Special Actions, pursuant to Rule 20(d). Accordingly, with regard to the 2023 denial of parole, Hamilton's § 2254 petition was filed within the statute of limitations.

**C.    Merits of Hamilton's Ex Post Facto Claim**

The federal habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that they are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010), *quoting* 28 U.S.C. § 2254(a). The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Hamilton contends the Board violated his federal constitutional right to be free of an ex post facto law because it applied a more recent version of § 31-412(A) than the version of that statute in effect at the time of his conviction. This claim was denied by the Arizona Superior Court in Hamilton's special action; the state court concluded that notwithstanding Hamilton's arguments regarding legislative history and his interpretations

of the earlier and later statutes, in fact the Board did not apply the later version of the statute. That determination and the denial of relief were affirmed by the Arizona Court of Appeals.

Hamilton's federal habeas claim implicates a factual finding of the state courts, and also challenges the state courts' interpretation of Arizona's statute regarding the granting or denial of parole. The Arizona Superior Court determined, as a matter of fact, that the Board had not applied a more recent version of § 31-412(A) when denying Hamilton parole. A federal court's collateral review of a state-court decision must be consistent with the respect due state courts. Factual determinations made by a state court are presumed correct absent clear and convincing evidence to the contrary, 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a state court shall be presumed to be correct."), and a decision on the merits in a state court based on a factual determination will not be overturned unless the decision was objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. § 2254(d)(2). *See also*, *e.g., Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). Although it is "not impossible" to meet the "objectively unreasonable" standard, it is a "daunting standard—one that will be satisfied in relatively few cases," because the federal courts must afford deference to the state courts' decisions. *Loher v. Thomas*, 825 F.3d 1103, 1112 (9th Cir. 2016) (internal quotations omitted). This presumption of correctness includes findings of fact by an appellate court. *E.g.*, *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981).

The Arizona Superior Court found Hamilton's ex post facto claim was without an adequate factual foundation, and the Arizona Court of Appeals affirmed this finding. This conclusion was not objectively unreasonable in light of the evidence presented to the state court in the special action. Hamilton offers no clear and convincing evidence, rather than argument, to overcome the conclusion that the Board did not, in fact, apply any post-1982 version of § 31-241(A) when denying parole in 2023. Notably, a state's determination regarding the quantum of evidence that must be produced by an applicant before they may

be released on parole, under the state's statutory scheme, is entitled to deference and not something to be second-guessed by a federal court sitting in habeas. *See Swarthout v. Cooke*, 562 U.S. 216, 219-21 (2011).

Additionally, the Arizona Court of Appeals' denial of relief was premised on its interpretation of the relevant state statute and state court opinions interpreting that statute. When a state appellate court determines that as a matter of state law a particular statute was or was not applied, or satisfied, in a certain circumstance, that determination is binding on a federal court in habeas review. *See Reno v. Davis*, 46 F.4th 821, 835 (9th Cir. 2022), *citing Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The Court may reject a state appellate court's conclusion on a matter of state law only if it is sufficiently "objectively unreasonable" as to justify relief. *See*, *e.g.*, *Bejarano v. Reubart*, 136 F.4th 873, 906 n.15 (9th Cir. 2025). The federal courts have consistently declined to grant federal habeas relief for claims alleging a misapplication of state law by parole boards. For example, in *Roberts v. Hartley*, the Ninth Circuit held an alleged misapplication of state law by a parole board did not provide a basis for federal habeas relief. 640 F.3d 1042, 1046 (9th Cir. 2011). *See also Parejo v. Frakes*, No. 10–cv-5764, 2013 WL 2403257, at *4 (W.D. Wash. May 31, 2013).

Accordingly,

**IT IS RECOMMENDED that** the petition seeking a federal writ of habeas corpus at ECF No. 1 be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2(e)(3) of the Local Rules of Civil Procedure for the United States District Court for the District of

Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. The undersigned recommends that, should the Report and Recommendation be adopted and, should Garcia seek a certificate of appealability, a certificate of appealability should be denied because he has not made a substantial showing of the denial of a constitutional right.

Dated this 17th day of February, 2026.

_____
Camille D. Bibles
United States Magistrate Judge