# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly K Hamilton, | No. CV-24-03176-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Christopher Moody, et al., | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254.  On February 19, 2026, Magistrate Judge Bibles issued a 12-page report and recommendation ("R&R") concluding that Petitioner's habeas petition should be denied.  (Doc. 15.)  Afterward, Petitioner filed objections to the R&R (Doc. 16) and Respondents filed a response (Doc. 17).

Petitioner's objections implicate 28 U.S.C. § 636(b)(1), which provides that when, as here, a magistrate judge has issued an R&R regarding a dispositive matter and a party has thereafter filed timely written objections, "[a] judge of the court shall make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  *See also* Fed. R. Civ. P. 72(b)(2)-(3).  As the Ninth Circuit has explained, "[i]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial

discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (cleaned up). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection."). Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted).

Here, the Court has performed a *de novo* review of the R&R and fully agrees with its analysis and conclusions.

Accordingly,

**IT IS ORDERED** that:

1. The R&R (Doc. 15) is **adopted**.

2. Petitioner's objections (Doc. 16) are **overruled**.

3. The petition (Doc. 1) is **denied**.

4. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

…

…

- 2 -

5.    The Clerk shall enter judgment accordingly and terminate this action.

Dated this 16th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge

- 3 -